1    Counsel listed on next page

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11   JENNIFER YARDLEY,                    Case No.  CV-13-04639 MWF (JCGx)

12              Plaintiff.               **STIPULATION AND** ~~PROPOSED~~
                                          **PROTECTIVE ORDER RE:**
13   v.                                   **CONFIDENTIAL INFORMATION**

14   ADP TOTALSOURCE, INC., a Florida
     Corporation; and DOES 1 to 150,      FAC Filed:    July 15, 2013
15   inclusive,

16              Defendants.
                                          NOTE CHANGES MADE BY THE COURT.
17

18

19

20

21

22

23

24

25

26

27

28

---

Case No.  CV-13-04639 MWF (JCGx)            STIPULATION AND PROPOSED PROTECTIVE
                                            ORDER RE: CONFIDENTIAL INFORMATION

16677924v.216151216v.116138571v.2

Aitken Campbell Heikaus Weaver, LLP
DARREN J. CAMPBELL, SBN 223088
darren@achwlaw.com
CHRIS M. HEIKAUS WEAVER, SBN 231907
chris@achwlaw.com
2030 Main Street, Suite 1300
Irvine, CA 92614
Off: (949) 236-4626
Fax: (949) 271-4046

Attorneys for Plaintiff
JENNIFER YARDLEY


SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Jamie C. Chanin (SBN 244659)
jchanin@seyfarth.com
Nicholas Rosenthal (SBN 268297)
nrosenthal@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219


Attorneys for Defendant
ADP TOTALSOURCE, INC.

Case No.  CV-13-04639 MWF (JCGx)          1          STIPULATION AND PROPOSED PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION

16677924v.216151216v.116138571v.2

1    IT IS HEREBY STIPULATED by the parties to this action, plaintiff

2  Jennifer Yardley ("Plaintiff") and defendant ADP TotalSource, Inc. ("Defendant")

3  (collectively "the Parties"), by and through their respective attorneys of record, as

4  follows:

5    WHEREAS, Defendant anticipates producing during discovery and

6  introducing as deposition exhibits documents containing confidential and sensitive

7  business, financial and proprietary information regarding Defendant, its affiliated

8  companies, and its clients;

9    WHEREAS, Plaintiff anticipates that Defendant will seek to obtain

10  confidential and sensitive medical information from Plaintiff's treating physicians

11  concerning her claims for emotional distress; and

12    WHEREAS, the Parties acknowledge that future discovery in this lawsuit

13  may require the disclosure of documents and other records that constitute or

14  contain trade secret, commercially sensitive, proprietary and/or other confidential

15  information, or implicate individuals' right to privacy.

16    WHEREAS, the Parties acknowledge that this Stipulated Protective Order

17  does not confer blanket protections on all disclosures or responses to discovery and

18  that the protection it affords extends only to the limited information or items that

19  are entitled under the applicable legal principles to treatment as confidential.  The

20  Parties further acknowledge that this Stipulated Protective Order creates no

21  entitlement to file confidential information under seal; applicable federal

22  procedural standards and the Central District of California Local Rules must be

23  followed and reflect the standards that will be applied when a party seeks

24  permission from the Court to file material under seal.

25    THEREFORE, the Parties hereby STIPULATE, AGREE, AND JOINTLY

26  REQUEST, that a protective order with the following terms and provisions should

27  be entered:

28

1.    This Stipulation and Protective Order shall govern documents, other records, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to document requests, and other information (any and all such materials and information shall be referred to as "Discovery Material") produced by the Parties (or third parties) in connection with this case.

## DESIGNATION AS CONFIDENTIAL

2.    Any information produced by a party to this litigation or a third party in connection with this case ("the Producing Party") that the Producing Party believes in good faith contains or comprises any confidential, proprietary, commercially sensitive, trade secret, or private personal information ("Confidential Information") may be designated by the Producing Party as "Confidential" by marking or designating the information in the manner provided in paragraph 3 of this Stipulated Protective Order.  Failure of counsel to designate information as Confidential Information shall not be deemed a waiver of confidentiality.  In the event that a Producing Party inadvertently fails to designate Confidential Information, or in the event that any other person or party learns of the disclosure of information that it deems to be Confidential Information, the Producing Party or another party may make a later designation or change the designation by so notifying all parties to whom the Confidential Information has been disclosed. Late designation shall not be deemed a waiver of the protected status of the designated information.  The Producing Party must reproduce the documents or other materials with the appropriate designation and the receiving parties must return or certify destruction of the non-designated copies of the documents or other materials.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also

1   any summaries, copies, abstracts, compilations, or other documents or material

2   derived from Confidential Information.

3       3.    Any Confidential Information shall be designated as "Confidential"

4   by the Producing Party by so identifying the material with the appropriate legend.

5   Whenever counsel for a party deems that any question or line of questioning calls

6   for the disclosure of information that should be treated as Confidential

7   Information, or when Confidential Information is used during or in connection

8   with a deposition, counsel may: (i) state on the record that such information is

9   being designated as "Confidential"; or (ii) give written notice to all other counsel

10  that such information is being designated as "Confidential" within twenty-one (21)

11  days after receiving a copy of the deposition transcript. Only those portions of the

12  transcript of the deposition designated "Confidential" shall be so treated, except

13  that all copies of deposition transcripts that contain designated Confidential

14  Information shall be prominently marked "Confidential" on the cover, and when

15  filed with the Court the "Confidential" portions of the deposition transcripts shall

16  be filed in accordance with the procedures set forth in paragraph 13 below.

17      4.    A party may designate as "Confidential" documents or discovery

18  materials produced by a non-party by providing written notice to all parties of the

19  relevant documents or other Confidential Information to be so designated, so long

20  as such designation is done at least (30) days before the first day of trial. If that

21  happens, the parties agree to treat that information as Confidential for all purposes,

22  regardless of whether the information was previously disclosed without such a

23  designation.

24      5.    Any party may designate any documents that party has produced or

25  information that party has produced, disclosed or exchanged during discovery prior

26  to entry of this Stipulated Protective Order, which such party considers in good

27  faith to contain Confidential Information, as "Confidential" by informing all other

28

1  parties to this action in writing. Such materials are covered by this Stipulated
2  Protective Order.

3      6.    Plaintiff agrees that Defendant may designate as "Confidential" the
4  following documents produced by Plaintiff: PLTF 63-72, 75, 172-174, 189-196,
5  198, 200-203, 237-242, 300-314, and 321-329. Defendant contends that it should
6  also be permitted to designate as "Confidential" other documents produced by
7  Plaintiff that are internal ADP documents and communications, as well as
8  documents ADP provided to clients pursuant to a non-disclosure agreement.
9  Specifically, Defendant would also like to designate as "Confidential" the
10  following documents previously produced by Plaintiff: PLTF 2-5, 11, 18-19, 20-
11  24, 25-34, 35-62, 73-74, 76-82, 83-85, 86-92, 93-112, 113-145, 146-147, 148-150,
12  151-157, 158-171, 175-186, 187-188, 197, 199, 204-205, 206-208, 209-222, 223-
13  226, 227-231, 232-236, 243-245, 246-253, 254-267, 268-299, 315-319, 320, 330,
14  331-334, 335-337, 339-340, 341-342, 343-345, 354-381, 382-387, 388-421, and
15  422-429. Plaintiff does not agree to this. ~~Defendant may make a motion regarding~~
16  ~~the confidential designation of these documents on or before March 10, 2014.~~

17      7.    The designation of Information as "Confidential" shall not be
18  dispositive of the actual confidentiality of such material, nor shall it affect the
19  burden of proof necessary to demonstrate the appropriateness of the designation of
20  said material. Any dispute between the Parties as to the actual confidentiality of
21  any particular material or information shall be resolved pursuant to paragraphs 7, 8
22  and 14, *infra*, of this Stipulated Protective Order.

23      8.    The party that has designated information as "Confidential" shall have
24  the burden of establishing that the information is Confidential. The filing of a
25  motion for a protective order with the Court by a party seeking to protect the
26  designation of any information shall not affect the designation of the information,
27  which will continue to enjoy the designations made by the Producing Party or
28

1    another party, unless and until an order of court changing the designations is

2    entered.

### CHALLENGING DESIGNATION

4        9.        Nothing in this Stipulated Protective Order shall prevent a party

5    receiving "Confidential" information from seeking a further order of this Court

6    declaring that such information shall not be subject to the provisions of this

7    Stipulated Protective Order.  ~~Upon motion by any party to this action, and upon~~

8    ~~good cause shown, the Court may make any order that justice requires for the~~

9    ~~prevention of and~~ protection from oppression or undue burden or any unnecessary

10   ~~expense.~~

### AUTHORIZED USE AND DISCLOSURE

12       10.       All "Confidential" information produced, disclosed, or exchanged in

13   the course of this litigation shall be used by the party or parties to whom the

14   Confidential Information is produced or disclosed solely for the purpose of this

15   litigation, and for no other purpose.

16       11.       Any information that has been designated "Confidential" in

17   accordance with paragraphs 2, 3, 4, or 5, *supra*, shall not be disclosed to any

18   person without the written consent of counsel for the party producing or

19   designating it, except that disclosure may be made to:

20               a.        Any party to this action, subject to the condition that any party

21   to whom the Confidential Information is communicated must be advised of this

22   protective order and be instructed and agree not to disclose the Confidential

23   Information to any other individual or entity not entitled to receive such

24   Confidential Information pursuant to the terms of this Stipulated Protective Order;

25               b.        Any current or former officer, employee, agent, or independent

26   contractor of any party who is requested by counsel for that party to assist in the

27   defense or prosecution of this litigation;

28

---

c.   Counsel retained by the parties for purposes of prosecuting or defending this litigation, and their employees, secretaries, paralegal assistants and case clerks;

d.   Outside consultants, employees of copy services, or experts retained to assist counsel in this action;

e.   The Court, its personnel and its reporters through the filing of a document, but only after compliance with paragraph 13 of this Order;

f.   The members of the jury, the Court, court personnel and court reporters during any trial of this action; and/or

g.   Any person who created the document or was a recipient thereof.

12.   Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 10(a)(b) or (d) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is intended to be made to execute a "Declaration Regarding Confidentiality" in the form attached hereto as Exhibit A.  All such "Declarations Regarding Confidentiality" shall be retained by counsel for the party who discloses Confidential Information in this way.

13.   ~~The extent and manner in which any Confidential Information may be used at trial shall be decided by the Court at the final pretrial conference after all parties have had an opportunity to be heard.  Nothing herein shall be construed to effect in any manner the admissibility as evidence of any information or document.~~

## PROCEDURES FOR FILING WITH THE COURT

14.   ~~Because documents filed with the Court are thereby exposed to the public, any Confidential Information covered by the terms of this Protective Order must not be filed with the Court unless: (a) The filing party has obtained a court~~

1  order declassifying the document such that it is no longer subject to the terms of

2  this Protective Order; (b) the parties have agreed, either orally or in writing, that

3  the document has been declassified such that it is no longer subject to the terms of

4  this Protective Order; (c) the filing party has redacted all of the information

5  considered confidential or proprietary, as agreed upon by the parties, or (d) the

6  filing party has obtained a court order permitting the document to be filed under

7  seal (a "Sealing Order").  In the event that a Sealing Order is obtained, the

8  document must be filed, if at all, under seal pursuant to the Sealing Order.

9  ## MISCELLANEOUS PROVISIONS

10      15.    A party objecting to a designation under this Stipulated Protective

11  Order shall attempt to resolve the disagreement informally with the designating

12  party or designating third party.  If no resolution can be reached, the matter may be

13  presented to the Court through a *closed hearing* by the party seeking to designate

14  any information as "Confidential."  The party or third party asserting the

15  "Confidential" designation shall have the burden of justifying that the designation

16  is consistent with California law and that the material designated as "Confidential"

17  is a trade secret, is protected by privacy rights, contains proprietary information of

18  a sensitive nature, is otherwise privileged, or the disclosure would have an adverse

19  impact on the party designating the material or on the third party whose privacy the

20  designating party sought to protect.  Until the Court rules otherwise, the challenged

21  Information shall be treated as "Confidential" as designated.

22      16.    Entering into, agreeing to, and/or producing or receiving information

23  designated as "Confidential" or otherwise complying with the terms of this

24  Stipulated Protective Order shall not:

25          a.    operate as an admission by any party that any particular

26  information designated as "Confidential" contains or reflects trade secrets,

27

28

Case No.  CV-13-04639 MWF (JCGx)        8        STIPULATION AND PROPOSED PROTECTIVE
                                                 ORDER RE: CONFIDENTIAL INFORMATION

16677924v.216151216v.116138571v.2

1  proprietary or commercially sensitive information, or any other type of
2  Confidential Information;

3          b.      operate as an admission by any party that the restrictions and
4  procedures set forth herein constitute or do not constitute adequate protection for
5  any particular information deemed by any party to be "Confidential";

6          c.      prejudice in any way the rights of any party to object to the
7  production of information they consider not subject to discovery;

8          d.      prejudice in any way the rights of any party to object to the
9  authenticity or admissibility into evidence of any information, testimony, or other
10  evidence subject to this Stipulated Protective Order;

11          e.      prejudice in any way the rights of a party to seek a
12  determination by the Court whether any information or material should be subject
13  to the terms of this Stipulated Protective Order;

14          f.      prejudice in any way the rights of a party to petition the Court
15  for a further protective order relating to any purportedly Confidential Information;

16          g.      prevent the Parties to this Stipulated Protective Order from
17  agreeing in writing or on the record during a deposition or hearing in this action to
18  alter or waive the provisions or protections provided for herein with respect to any
19  particular information or material;

20          h.      limit a party's ability to grant non-parties access to its own
21  Discovery Materials and/or Confidential Information;

22          i.      be deemed to waive any applicable privilege or work-product
23  protection, or to affect the ability of a party to seek relief for an inadvertent
24  disclosure of material protected by privilege or work-product protection;

25          j.      prevent a party or third party from objecting to discovery which
26  it believes to be improper, including objections based upon the privileged,
27  confidential, or proprietary nature of the information requested; and/or

28

k.      prevent a party or third party from redacting in part documents marked "Confidential" to further protect information.

17.     Nothing contained herein shall impose any restrictions on the use or disclosure by a party of information obtained lawfully by such party independently of any proceedings in this action, or which is or becomes publicly known through no fault or act of such party.  However, any prior agreements to maintain confidentiality of any other information or documents remain in full force and effect.

18.     Neither the taking of any action under this Stipulated Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  ~~Moreover, neither the failure to designate information as "Confidential" nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designations or challenging the propriety thereof.~~  Nothing in this Stipulated Protective Order, and no action taken in compliance with it, shall operate as an admission by any party or person that any particular document or information is or is not confidential.

19.     The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of its obligation to produce information in the course of discovery pursuant to controlling law.

20.     Nothing in this Order shall prevent any party from seeking relief from any provision of this Stipulated Protective Order, seeking modification of this Stipulated Protective Order, or objecting to discovery which it believes to be privileged or otherwise improper.

21.   Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney-work-product doctrine, or any other privilege.

22.   This Stipulated Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose.

23.   This Stipulated Protective order may be modified by agreement of the parties, subject to approval of the Court.

24.   This Stipulation shall be binding upon the Parties upon their signature hereto, and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this Stipulation, and even if the Court does not enter the proposed Protective Order based upon this Stipulation.   In the event that the Court does not enter the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

25.   If any privileged or otherwise protected information is inadvertently produced, the Producing Party must provide written notice to any other parties that such information, or Discovery Material containing such information, has been inadvertently produced or disclosed.   Within three (3) business days of the receipt of such notice, each other party shall return to the Producing Party all such information and copies thereof identified in the notice in its possession, custody, or control and shall make reasonable efforts to reclaim and return any such Discovery Material and information.   The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the information and the copies returned to the Producing Party such that the non-producing party is able to challenge the Producing Party's claim that the information is privileged or otherwise protected.

26.     The provisions of this Stipulation and Order shall not terminate at the conclusion of this action.  Within 60 days after final conclusion of all aspects of the litigation, including any and all appeals, all Confidential Information, including any summaries, copies, abstracts, compilations, or other documents derived from the Confidential Information (other than exhibits of record, and deposition transcripts and the exhibits thereto) shall be returned to the Producing Party upon its request or destroyed in the ordinary course of business by counsel for the non-Producing Party.  In the event a party other than the Producing Party has designated documents as Confidential (the "Designating Party), such documents shall be returned to the Designating Party upon its request or destroyed in the ordinary course of business by counsel for the other parties.  Any party who has produced Confidential Information or designated information as Confidential during the course of litigation may request that the other parties make a certification of compliance and permit the Confidential Information to be picked up by the Producing Party or Designating Party within a reasonable period of time. Such request must be made within sixty days after conclusion of the litigation, including any and all appeals.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16677924v.216151216v.116138571v.2

27.    This Stipulation and Order are subject to modification by order of the Court upon written stipulation of the parties or upon motion and reasonable notice.

IT IS SO STIPULATED.

Dated: January 15, 2014            AITKEN CAMPBELL HEIKAUS
                                   WEAVER, LLP


                                   By: _____

                                        Darren J. Campbell
                                        Attorneys for Plaintiff
                                        JENNIFER YARDLEY

Dated: January 15, 2014            SEYFARTH SHAW LLP



                                   By: /s/ Jamie C. Chanin
                                   _____

                                        Brian T. Ashe
                                        Jamie C. Chanin
                                        Nicholas Rosenthal
                                        Attorneys for Defendant
                                        ADP TOTALSOURCE, INC.

Case No.  CV-13-04639 MWF (JCGx)          13          STIPULATION AND PROPOSED PROTECTIVE
                                                      ORDER RE: CONFIDENTIAL INFORMATION

1667792v.216151216v.116138571v.2

**[PROPOSED] ORDER**

GOOD CAUSE APPEARING, it is hereby ORDERED, ADJUDGED, and DECREED that all parties to this action shall obey the provisions of the attached Stipulation and Proposed Protective Order Re: Confidential Information.

IT IS SO ORDERED.

DATED: ___1. 16___, 2014 _____

Honorable ~~Michael W. Fitzgerald~~ JAY C. Gandhi

United States ~~District~~ Judge
Magistrate

Case No.  CV-13-04639 MWF (JCGx)         14         STIPULATION AND PROPOSED PROTECTIVE
                                                    ORDER RE: CONFIDENTIAL INFORMATION

16677924v.216151216v.116138571v.2

**EXHIBIT A**

**DECLARATION REGARDING CONFIDENTIALITY**

I, _____, declare:

1.     I have read the Stipulation and Protective Order (the "Order") in the litigation between plaintiff Jennifer Yardley and ADP TotalSource, Inc. (collectively "the Parties"). I am familiar with the contents of the Order and agree to comply with and be bound by the provisions thereof.

2.     I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation, and only as expressly permitted by the terms of the Order, any information designated as "Confidential" that I receive or view in this action.

3.     I understand that I am to retain all copies of any documents or materials designated "Confidential" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials are to be returned immediately to counsel who provided me with such material.

4.     By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____,_____.

_____
(SIGNATURE)